UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRITNEY HAYES,

                        Plaintiff,                           **REPORT AND
RECOMMENDATION**
22-CV-6613 (DG) (ARL)

       -against-


ROCKAWAY CENTER, LLC, d/b/a LYNBROOK
RESTORATIVE THERAPY AND NURSING,

                       Defendant.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

     Britney Hayes ("Plaintiff"), *pro se*, brings this employment discrimination action against

Rockaway Center, LLC, d/b/a Lynbrook Restorative Therapy and Nursing ("Defendant"),

alleging violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, et

seq., and retaliation. Before the Court, on referral from District Judge Gujarati, is a motion to

dismiss filed by Defendant. For the reasons set forth below, the undersigned respectfully

recommends that the motion to dismiss be granted.

## BACKGROUND

### A. Factual Background

     The following facts are drawn from the Complaint and are accepted as true for purposes

of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These

facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University

College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL

2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff, a resident of New York, was hired by the Defendant as a Licensed Practical Nurse on April 8, 2014, and worked in that capacity until her termination on October 1, 2021. Am. Compl. ¶¶ 5, 86.[1]  In September 2021 Defendant adopted a COVID Policy.  Pursuant to that policy, Defendant notified employees that all employees were required to be vaccinated before September 27, 2021.  Pl. Aff. at p. 8.  For those employees who sought an exemption from vaccination, the following protocols were adopted:

> 1. Any unvaccinated employee working more than 3 days per week must be tested twice weekly. These tests must be a minimum of 2 days apart.
> 2. Any employee working 3 days or less must be tested once weekly.
> 3. Employee at all times will wear a  mask. This includes any break taken in the facility, including meal breaks.

*Id*. at p. 47.

According to Plaintiff, Defendant began enforcing its COVID Policy as to all employees in September 2021.  Am. Compl. ¶ 87.  Plaintiff acknowledged that Defendant's COVID Policy applied to all employees.  *Id.*  Additionally, Plaintiff acknowledges that compliance with the COVID Policy was a condition of employment. *Id*. at ¶ 10.

To avoid compliance with the vaccination requirement of Defendant's COVID Policy, Plaintiff was required to submit either a religious or medical exemption.  *Id.* at ¶ 88.  On September 21, 2021, Plaintiff submitted an "affidavit" claiming religious and medical exemption to the vaccination, testing and requirement that she wear a mask.  ECF No. 9-1, pp. 8-35. Defendant rejected Plaintiff's "affidavit" as insufficient, and informed Plaintiff that she needed to use the forms previously provided, either the COVID-19 Vaccination – Medical

---

[1] Defendant claims Plaintiff was terminated on September 28, 2021.  See Def. Mem. at 5.

Accommodation Request Form or COVID-19 Vaccination – Religious Accommodation Request Form, if she wished to seek an exemption or accommodation from the vaccination requirement. Am. Compl. ¶ 88.  Plaintiff refused to use those forms because she "decided it was not in her best interest to fill it out, because it did not protect her rights." *Id.* at ¶ 89.

On September 28, 2021, Patti Salzmann, a representative of Defendant, sent Plaintiff a protocol form to sign which required testing and mask protocols Defendant was requiring Plaintiff to undertake because she failed to be vaccinated.  *Id.* at ¶ 90. According to Plaintiff, Defendant required her to self-test for COVID-19 twice per week and use a mask.  *Id.* at ¶ 90. Plaintiff alleges that Defendant did not conduct an individualized assessment prior to requiring her to self-test and mask.  *Id.* at ¶ 90.

Plaintiff also alleges that representatives of Defendant questioned her about whether she was vaccinated on September 28, 2023, and that that questioning amounted to harassment, intimidation, and a threat.  *Id.* at ¶ 91. Plaintiff purportedly responded to that inquiry by stating that she had "exemption" paperwork.  *Id.* at ¶ 91. Because Plaintiff was not vaccinated and refused to otherwise comply with Defendant's COVID Policies, Defendant advised Plaintiff that she did not have permission to be on the premises and directed her to leave, which Plaintiff refused to do.  *Id.*  According to Plaintiff, Defendant called the police to have Plaintiff cited for trespassing.  *Id.*  On October 1, 2021, Plaintiff again attempted to come to work without either receiving the vaccination or otherwise complying with Defendant's COVID Policies and she was again asked to leave.  *Id.* at ¶ 92.  The police were once again called and Plaintiff was cited for trespassing. *Id.* at ¶ 94.

After Plaintiff was cited for trespassing, a representation of Defendant sent Plaintiff a text informing her that she was terminated effective September 28, 2021. *Id.* at ¶ 94.  Plaintiff

was further advised that she was prohibited from entering the building.  *Id.* at ¶ 96.  By letter, dated October 4, 2021, Defendant memorialized Plaintiff's termination.  *Id.* at ¶ 98. Specifically, the letter stated:

> Dear Britney:
> This letter is being sent as a follow up to the text messages we exchanged on 10-01-2021. You are terminated as of 9-28-21 for failure to follow the directives given to you to be considered for a covid-19 vaccine exemption.
> You were asked on several occasions to complete our exemption form to be considered and failed to do so.
> Based on the NYS Healthcare covid-19 vaccine mandate law that went into effect 9-27-21 and your failure to comply with the exemption protocol, you are terminated.

*Id.* at ¶¶ 98-101; Pl. Aff. Ex. A-6.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 26, 2021 ("EEOC Charge").  *Id*. at ¶ 102.  The EEOC Charge alleged that Defendant regarded Plaintiff as disabled, had a record of her as disabled, failed to conduct an individualized assessment to determine if Plaintiff was a direct threat to anyone, and failed to engage Plaintiff in an interactive process. Pl. Aff. Ex. A-7, pp. 196-198. The EEOC Charge does not identify Plaintiff's disability, however, it does state that Defendant offered various accommodation measures.  Plaintiff further stated in her EEOC Charge "I have not requested reasonable modifications but only that I be permitted to perform my duties without harassment, retaliation, coercion or intimidation."  Pl. Aff. Ex. A-7.  According to Plaintiff, before the EEOC she "claimed the protection of disability law because I believe that my employer's 'Covid policy' regards me as disabled as long as I remain 'untreated' for a specific condition I have never been diagnosed with. I also stated that once I refused these treatments that my employer started making a record of disability by misclassifying me as in need of specific medical treatments for a condition I have never been diagnosed with. I claimed that my

4

employer made disability-related medical inquiries and was imposing non-job-related medical treatments and tests. I also stated that I had been fired in retaliation for claiming my rights protected under the ADA and that my employer refused to recognize any exclusion to its 'Covid policy' based upon rights protected under the ADA." Pl. Aff. at ¶ 23.  On December 27, 2021, two months after Plaintiff was terminated, she wrote a letter to Mr. Eisen "revoking" her request for religious and medical exemptions, claiming that was only seeking to vindicate rights under the ADA. Am. Compl. ¶ 105; Pl. Aff. Ex. A-8.  The EEOC issued a Right to Sue letter on August 16, 2022. Am. Compl. ¶ 106.

Based upon the foregoing set of facts Plaintiff asserts three causes of action, disability discrimination in violation of the ADA, retaliation on the basis of a disability in violation of the ADA and imposition of disability-related inquiries and medical examinations upon Plaintiff in violation of the ADA.  *Id*. at ¶¶ 113-259.

### B.  Procedural Background

Plaintiff filed the complaint in this action on November 1, 2022.  ECF No. 1.  On June 14, 2023, Plaintiff filed an Amended Complaint as of right.  ECF No. 9.  The Amended Complaint was served on September 12, 2023.  ECF No. 14.  At Defendant's request, a briefing schedule was set and Defendant's motion to dismiss was ultimately filed on November 16, 2023. ECF No. 19.  Plaintiff opposes the motion.  ECF No. 20.  By Order dated February 29, 2023, this motion was referred to the undersigned for a report and recommendation by Judge Gujarati.

### DISCUSSION

### A.  Standard of Review - Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing

a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Plaintiff is proceeding *pro se* and therefore her submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993).  The Court should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Nevertheless, Plaintiff's pro se status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

Finally, for the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken."

6

*Serdarevic v. Centex Homes, LLC*, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'"  *Id.* (citation and internal quotation marks omitted).  "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough."  *Id.* (quoting *Global Network,* 458 F.3d at 156).  "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint."  *Id.* (quoting *Global Network,* 458 F.3d at 157)).

## B.  Motion to Dismiss

### 1.  Discrimination Under the ADA

"Plaintiff carries the initial burden of making out a prima facie case of discrimination under the ADA, which requires a showing that (1) '[Plaintiff's] employer is subject to the ADA;' (2) '[Plaintiff] is disabled within the meaning of the ADA or perceived to be so by [her] employer;' (3) '[Plaintiff] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation;' and (4) '[Plaintiff] suffered an adverse employment action because of [her] disability.'"  *Gonzalez v. City of New York*, No. 22-CV-3577, 2024 U.S.

Dist. LEXIS 56814, at *20, 2024 WL 1332546 (E.D.N.Y. Mar. 28, 2024) (quoting *Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127, 134 (2d Cir. 2008)).  In order to state a discrimination claim pursuant to the ADA a plaintiff must plead factual allegations supporting a plausible inference that he was discriminated against "by reason of [his] disability." 42 U.S.C. § 12132; *see, e.g., Sneed v. City of N.Y. Dep't of Parks & Rec.,* No. 10-CV-299 (WHP), 2011 U.S. Dist. LEXIS 157810, 2011 WL 4542960, at *3 (S.D.N.Y. Sep. 30, 2011) (citing *Powell v. Nat'l Bd. of Med. Exam'rs,* 364 F.3d 79, 85 (2d Cir. 2004); *Atkins v. Cnty. of Orange,* 251 F. Supp. 2d 1225, 1231 (S.D.N.Y. 2003).  In the instant matter, Defendant maintains that Plaintiff cannot establish a *prima facie* case of disability discrimination because she has not established that she was disabled within the meaning of the ADA.  Def. Mem. at 12.  The undersigned agrees.

Plaintiff has not sufficiently alleged that she suffered from a disability within the meaning of the ADA.  "A person has a 'disability' under the ADA if he has: (a) 'a physical or mental impairment that substantially limits one or more [of his or her] major life activities,' (b) 'a record of such an impairment,' or (c) is 'regarded as having such an impairment.'" *Ibela v. Allied Universal,* No. 21-1995-CV, 2022 U.S. App. LEXIS 12155, 2022 WL 1418886, at *1–2 (2d Cir. May 5, 2022) (citing 42 U.S.C. § 12102(1)).  "Major life activities include 'caring for oneself, performing manual tasks, seeing, hearing, eating . . . and working.'" *Id.* (citing 42 U.S.C. § 12102(2)).  The Second Circuit has held that in order "[t]o determine whether a major life activity is substantially limited by an impairment," courts are to consider "the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *Id.* (citing *Capobianco v. City of New York,* 422 F.3d 47, 57 (2d Cir. 2005)).  Employees cannot bring claims for having a disability or being regarded as having a disability where the alleged perceived impairment is "transitory and minor."  *See*

8

*Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 250 (E.D.N.Y. 2015) (citing § 12102(3)(B)).

Here, Plaintiff alleges that she is disabled because she "believes that my employer's 'Covid policy' regards me as disabled as long as I remain 'untreated' for a specific condition I have never been diagnosed with. I also stated that once I refused these treatments that my employer started making a record of disability by misclassifying me as in need of specific medical treatments for a condition I have never been diagnosed with."  Pl. Aff. ¶ 23.  This argument has been rejected by numerous courts within this district.  *See, e.g., Vasquez v. City of New York - Off. of Mayor,* No. 22 Civ. 5068, 2024 U.S. Dist. LEXIS 58731, at *3, 2024 WL 1348702 (E.D.N.Y. Mar. 30, 2024) (plaintiff's claim fails "because vaccination status (or, for that matter, being regarded as having COVID-19), is not cognizable under the ADA"); *Gonzalez v. City of New York*, No. 22-CV-3577, 2024 U.S. Dist. LEXIS 56814, 2024 WL 1332546, *14 (E.D.N.Y. Mar. 28, 2024) (dismissing plaintiff's claim that Defendant's COVID-19 policy regarded her as disabled because she was unvaccinated and regarded her as disabled with a communicable disease by virtue of her unvaccinated status);  *Johnson v. Mount Sinai Hosp. Group, Inc*., 22-cv-2936-AMD-JRC, 2023 WL 2163774 at *5 (E.D.N.Y. Feb. 22, 2023) ("Nor has the plaintiff plausibly alleged that Mount Sinai regarded her as having an impairment, because it is premised on her theory that the defendant viewed every employee as disabled.") motion for relief from judgment denied, 2023 WL 3159233 (E.D.N.Y. Apr. 28, 2023); *see also D'Cunha v. Northwell Health Sys.*, 22-cv-0988, 2023 WL 2266520, at *5 (S.D.N.Y. Feb. 28, 2023) (rejecting ADA claim where plaintiff maintained she was "regarded as" having an impairment based on risk of developing COVID-19 in the future); *Newell v. State Univ. of N.Y. Westchester Comm. Coll*., 22-cv-08524-PMH, 2023 U.S. Dist. LEXIS 105901, 2023 WL

4082030, at *3 (S.D.N.Y. Jun. 20, 2023) (dismissing claims that plaintiff was regarded as disabled because she had an infectious disease); *Thompson v. City of Tualatin*, No. 3:21-CV-01587-MO, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022) (being perceived as having Covid-19 is not a cognizable disability under the ADA).

In response, Plaintiff argues that she has met her burden of pleading that she was perceived as disabled by alleging that the COVID Policy enacted by Defendant presumed every employee presented a threat unless mitigation steps were taken. Pl. Mem. at 10. Plaintiff has an obligation to plead facts demonstrating she has "(a) 'a physical or mental impairment that substantially limits one or more [of his or her] major life activities,' (b) 'a record of such an impairment,' or (c) is 'regarded as having such an impairment.'" *Ibela*, -CV, 2022 U.S. App. LEXIS 12155 * 2022 WL 1418886, at *1–2 (2d Cir. May 5, 2022) (citing 42 U.S.C. § 12102(1)). Plaintiff has failed to do so. There is nothing in the Amended Complaint supporting her position that being perceived as having COVID amounts to a disability, nor is that position supported by the case law.

This precise argument has been considered and rejected by the Second Circuit. In *Kosiba v. Cath. Health Sys. of Long Island, Inc.*, No. 23-6, 2024 U.S. App. LEXIS 14627, 2024 WL 3024652 (2d Cir. June 17, 2024) the plaintiff argued that "he was discriminated against based on a perceived disability for refusing to comply with COVID-19 testing and vaccination requirements, and was fired after filing a complaint based on his perceived disability." *Id*. at 2024 U.S. App. LEXIS 14627, at *1. In affirming the District Court's decision dismissing the action the Second Circuit held that the defendant "required all employees whose jobs brought them into contact with other staff, patients, or residents to comply with its COVID-19 policy. [Plaintiff], then, 'was not singled out because of any perception that he had an impairment that

substantially limited him as compared to others.' *Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159 (2d Cir. 2024), He thus cannot state an employment discrimination claim under the ADA." *Id*. at *3.  Similarly here, Defendant's COVID Policy applied to all employees and therefore Plaintiff was not singled out because of any perceived disability.  The Second Circuit reaffirmed this position, more recently, in *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 23-466, 2024 U.S. App. LEXIS 16285, 2024 WL 3289475 (2d Cir. July 3, 2024), affirming the dismissal of plaintiff's ADA claim because defendant's "company-wide COVID vaccine policy, which required compliance from all employees, regarded her or recorded her as disabled under the ADA,  . . .[a]nd Plaintiff likewise fails to plead any additional facts that render her allegations distinctive." Id. at 2024 U.S. App. LEXIS 16285, at *4.   In light of this recent authority, which is directly on point, the undersigned respectfully recommends Defendant's motion to dismiss Plaintiff's ADA claim be granted.

### b. **Retaliation Claim**

Plaintiff also alleges that Defendant retaliated against her under the ADA for her opposition to its COVID-19 policy.  Am. Compl. ¶ 168.  According to Plaintiff, she "claimed her rights and expressed her opposition on more than one occasion filed a discrimination notice and had sustained email and in-person communications with defendant's representatives. She filed an EEOC complaint. Therefore, it can be concluded that defendant is aware of plaintiff's participation in the protected activity." Am. Compl. ¶ 201.  According to Plaintiff she filed a charge of discrimination with the EEOC on October 26, 2021, *id*. at ¶ 101, and a grievance with her Union on December 27, 2021.  *Id*. at ¶ 105.  However, Defendant adopted its COVID Policy in September 2021, and Plaintiff was informed of the need for her to receive a vaccination on September 10, 2021.  *Id*. at ¶ 98, Pl. Aff. ¶ 16.  Plaintiff was terminated on September 28, 2021.

11

*Id*.  Defendant argues that Plaintiff fails to state a claim for retaliation because she did not engage in any protected activity prior to her termination and because there is no causal connection between any alleged protected activity and her termination.  Def. Mem. at 15.

"To state a claim for ADA retaliation, 'a plaintiff must allege that: '(1)[ ]he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against [him]; and (4) a causal connection exists between the alleged adverse action and the protected activity.'"  *Robles v. Medisys Health Network, Inc*., No. 19-cv-6651 (ARR) (RML), 2020 U.S. Dist. LEXIS 109115, 2020 WL 3403191, at *19 (E.D.N.Y. June 19, 2020) (quoting *Caskey v. Cnty. of Ontario*, 560 F. App'x 57, 58 (2d Cir. 2014)); *see also Klaes v. Jamestown Bd. of Pub. Utils*., No. 11-CV-606, 2013 U.S. Dist. LEXIS 45872, 2013 WL 1337188, at *14 (W.D.N.Y. Mar. 29, 2013).

Plaintiff objected to Defendant's COVID Policy and failed to comply with such policy by refusing a vaccination, refusing to submit to COVID testing and refusing to wear a face mask. She refused to comply with the policy because, in her words, "I am objecting to vaccines and or testing for covid 19 of any kind because I believe in and follow God and the principles laid out in His Word and I have a deeply held belief that vaccines, medical face mask devices and or covid-19 testing violate them."[2] Pl. Aff. at 12.  She did not object to the policy, at this point in time, because it was discriminatory, and therefore, these actions are not protected activity.  As a result of Plaintiff's refusal to comply with Defendant's COVID Policy, Plaintiff was terminated.

---

[2] This language is contained in in affidavit prepared by Plaintiff in connection with a religious exemption. The affidavit was rejected by Defendant because it was not in the proper format and it was never filed. Am. Compl. ¶ 88. The draft religious exemption form is attached as an exhibit to the Amended Complaint and can be found at ECF No. 9-1, pp. 8-35.  The form requested by Defendant is also attached to the Amended Complaint and can be found at ECF No. 9-1, pp. 38-39.

Following her termination, she filed a complaint with the EEOC and her Union. The only protected activity Plaintiff engaged in was the filing of her complaint with the EEOC, which cannot form the basis of her claim for retaliation because it occurred after her termination. *See Johnson,* 2024 U.S. App. LEXIS 16285, 2024 WL 3289475 (dismissing retaliation claim because "protected activity occurred only after [defendant] implemented its COVID-19 employment policies"); *Kosiba,* 2024 U.S. App. LEXIS 14627 (plaintiff "fails to allege the required causal connection between his opposition to [defendant's] COVID-19 policy and his termination. [Defendant] announced that covered employees who refused to be vaccinated would be furloughed, and then terminated, . . . because the policy applied to all employees, [plaintiff] 'has not plausibly pleaded a connection between his invocations of the ADA and his termination'")(quoting *Sharikov,* 2024 U.S. App. LEXIS 13411, 2024 WL 2820927, at *8); *Gonzalez,* 2024 U.S. Dist. LEXIS 56814, 2024 WL 1332546, at *14 ("[w]here . . . the consequences for an individual's non-compliance with a lawful employment policy . . . were established before the alleged protected activity occurred, courts routinely dismiss retaliation claims for lack of causation."); *Grimes v. New York & Presbyterian Hosp.*, No. 1:23-CV-652, 2024 U.S. Dist. LEXIS 32964, 2024 WL 816208, *10 (S.D.N.Y. Feb. 26, 2024) (dismissing Title VII retaliation claim because "contrary to [the plaintiff's] claims that her termination and restriction from [the defendant's] systems constituted retaliation based on religious or disability animus, [the plaintiff] was expressly warned—along with all other [] employees—that noncompliance with the [] Mandate would result in these precise consequences"); *Sharikov v. Philips Med. Sys. MR, Inc.*, 659 F. Supp. 3d 264, 286 (N.D.N.Y. 2023) ("[The p]laintiff fails to allege facts that would allow a plausible inference of a causal connection between his protected conduct and termination. [The d]efendant's COVID-19 policy—'which was undisputedly the

grounds for [the plaintiff's] termination when [he] chose to remain unvaccinated—was enacted

before [the plaintiff] spoke up in opposition to the vaccination requirement'").   Accordingly, the

undersigned respectfully recommends the Court grant Defendant's motion to dismiss Plaintiff's

retaliation claim.

### a.  Improper Medical Inquires

Under the ADA, a covered entity shall not require a medical examination and shall not

make inquiries of an employee as to whether such employee is an individual with a disability or

as to the nature and severity of the disability, unless such examination or inquiry is shown to be

job-related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A); 29 C.F.R. §§

1630.13(b), 1630.14(c).  As noted by the Second Circuit in *Kosiba*,  "[t]o the extent that

[plaintiff] argues that [defendant's] requirement to disclose his vaccination status was a

forbidden, disability-related inquiry under 42 U.S.C. § 12112(d)(4)(A), that claim necessarily

fails because [plaintiff] was neither disabled nor regarded as having a disability, and [defendant]

never inquired into whether he had a disability."  *Kosiba,* 2024 U.S. App. LEXIS 14627, at * 3.

Plaintiff has not responded to this argument.  "Generally, where a plaintiff does not

respond to arguments raised by defendants on a motion to dismiss the claim is deemed

abandoned." *Moss v. Bd. of Educ*., No. 19-CV-2195 (JS) (ARL), 2020 U.S. Dist. LEXIS 183462

(E.D.N.Y. Sept. 30, 2020)   (citing *Allstate Ins. Co. v. Long Island Power Auth.*, No. 14 Civ. 444

(JS) (SIL), 2015 U.S. Dist. LEXIS 24110, 2015 WL 867064, at *2 (E.D.N.Y. Feb. 27, 2015)

("Because Defendants have not responded to Allstate's arguments regarding this affirmative

defense, the Court deems this defense abandoned."); *Bilan v. Davis*, No. 11-CV-5509 (RJS)

(JLC), 2013 U.S. Dist. LEXIS 107619, 2013 WL 3940562, at *7 (S.D.N.Y. July 31, 2013) (a

district court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond

to a defendant's arguments that the claim should be dismissed") (quoting *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2005)).  Moreover, under the recent Second Circuit authority cited above, this claim must fail.  Accordingly, the undersigned respectfully recommends Defendant's motion to dismiss Plaintiff's claim that Defendant's conducted improper medical inquiries be granted.

Typically, "[p]ro se plaintiffs are allowed an opportunity to amend their complaint before the Court will dismiss it with prejudice." *Delorenzo v. Schiff,* No. 20-CV-7935 (NSR), 2022 U.S. Dist. LEXIS 54391, 2022 WL 889241, at *5 (S.D.N.Y. Mar. 25, 2022) (citing *Owens v. N.Y.C. Dep't of Sanitation*, No. 11-CV-8297 (ALC), 2013 U.S. Dist. LEXIS 7294, 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013)); *see also Breer v. Maranville*, No. 2:12-CV-53, 2012 U.S. Dist. LEXIS 179518, 2012 WL 6597707, at *3 (D. Vt. Nov. 27, 2012) ("The Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotations omitted).  Here, however, in light of the recent Second Circuit authority rejecting the precise claims alleged by Plaintiff here, the undersigned respectfully recommends Plaintiff's action be dismissed with prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days, except in the case of a party proceeding *pro se.  Pro se* Plaintiff Britney Hayes must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Gujarati prior to the expiration of the 14-day period for filing

objections. Failure to file objections within this period waives the right to appeal the District

Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No.

17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018)

("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object);

*Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596

F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

    Counsel for Defendant is directed to serve a copy of this Order upon pro se Plaintiff

forthwith and file proof of service on ECF.

Dated: Central Islip, New York
         July 25, 2024

                                    _____/s/_____

                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge

16

17